UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-22-DLB

JOHN THOMAS BAILEY                                                                                    PETITIONER

VS.                         **MEMORANDUM OPINION AND ORDER**

J. C. HOLLAND, et al.,                                                                              RESPONDENTS

*** *** *** ***

John Thomas Bailey is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Bailey has filed a "Motion for Relief from Cruel and Unusual Punishment and Production Habeas Corpus." (Doc. # 1). The Clerk of the Court has properly docketed Bailey's motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In his Motion, Bailey contends that the Bureau of Prisons has improperly calculated his security score and asks the Court to order the BOP to transfer him to a community corrections center in Saint Louis, Missouri, because he deems the conditions at his current prison unsafe. He further contends, without explanation, that exhaustion of administrative remedies would be futile. (Doc. # 1)  Bailey also seeks an *ex parte* injunction ordering the BOP to transfer him to a community corrections center and/or generally barring the BOP from interfering with his constitutional rights. (Doc. # 2)  Finally, Bailey seeks the appointment of counsel. (Doc. # 3)

1

Bailey has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to waive payment of it pursuant to 28 U.S.C. § 1915.  Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in Bailey's inmate account in satisfaction of that financial obligation.

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Bailey's claims are based upon the safety of USP-McCreary as a penal institution, and challenge his placement in a high security prison based upon his security score.  Such claims relate to the conditions of his confinement, and must be asserted in a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); they are not cognizable in a habeas corpus petition under § 2241.  *Martin v. Overton*, 391 F. 3d 710, 712-14 (6th Cir. 2004) (§ 2241 petition seeking transfer to a different prison with better medical facilities does not sound in habeas); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").  See also *Owen v. Sepanek*, No. 14-CV-158-HRW, 2014 WL 6610169, at *2-3 (E.D. Ky. Nov. 19, 2014) ("It is well established that challenges to a prisoner's classification or place of confinement, such as the security classification challenges which Owen advances in this proceeding, are 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331.") (collecting cases); *Embrey v. Sepanek*, No. 11-CV-119-HRW, 2012 WL 1205721 (E.D. Ky. Apr. 10, 2012).

When a prisoner asserts conditions of confinement claims in a habeas corpus petition under § 2241, the appropriate course is to dismiss the petition to allow the prisoner to assert his claims in a civil rights action.  *Martin*, 391 F. 3d at 714-15.  The Court will therefore deny Bailey's petition so that he may assert his claims in a civil rights action should he choose to do so.  Accordingly,

**IT IS ORDERED** that:

1. The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to the warden of the institution in which Bailey is currently confined.

2. Bailey's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Bailey's inmate trust fund account once the amount in the account exceeds $10.00.

3. Petitioner Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**.

4. Bailey's motions for injunctive relief (Doc. #2) and for the appointment of counsel (Doc. #3) are **DENIED AS MOOT**.

5. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

6. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 4th day of February, 2016.



Signed By:
David L. Bunning
United States District Judge